**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
LIANE KATZENSTEIN LY., Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiffs and the Proposed Class
*[Additional Counsel listed on next page]*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Montes; Maria Diaz; Octaviano Montalvo, on behalf of themselves and others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>BEE SWEET CITRUS, INC.; and DOES 1-10, inclusive<br><br>              Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of Migrant and Seasonal Agricultural Worker Protection Act<br>2. Violation of Cal. Lab. Code §§ 510, 1194, and 1199 for Unpaid Wages and Overtime<br>3. Failure to Compensate for Rest Periods under Cal. Lab. Code § 226.7<br>4. Failure to Reimburse Business Expenses for Tools and Equipment Under Cal. Lab. Code § 2802<br>5. Violation of Lab. Code § 226<br>6. Waiting Time Penalties Under Cal. Lab. Code § 203<br>7. Violation of Cal. Business & Professions Code § 17200 *et seq*. |

**MARTINEZ AGUILASOCHO & LYNCH, A Prof. Law Corp.**
MARIO MARTINEZ, Esq. (SBN-200721)
mmartinez@farmworkerlaw.com
EDGAR L. AGUILASOCHO, Esq. (SBN-285567)
eaguilasocho@farmworkerlaw.com
P.O. Box 1998
Bakersfield, CA 93303
Telephone: (661) 859-1174, Fax: (661) 840-6154

Attorneys for Plaintiffs and the Proposed Class

**CLASS ACTION COMPLAINT**

1   Plaintiffs Daniel Montes, Maria Diaz, and Octaviano Montalvo ("Plaintiffs"),

2   on behalf of themselves and all others similarly situated, hereby demand a trial by

3   jury and allege on information and belief, except for their own acts and knowledge,

4   against Defendants BEE SWEET CITRUS, INC., and DOES 1-10 ("Defendants")

5   the following:

I.

## **INTRODUCTION**

8   1.   This is a class action by current and former employees of BEE SWEET

9   CITRUS, INC. for recovery of unpaid wages and penalties, failure to provide paid

10  rest breaks, failure to keep accurate records, failure to record and pay for travel and

11  post-shift work, failure to reimburse expenses, damages under the Migrant and

12  Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq*.

13  for the foregoing violations, for injunctive and declaratory relief, and for attorneys'

14  fees and costs.

15  2.   The relevant liability period is four (4) years prior to the filing of this

16  action to the present ("the relevant period").

17  3.   Defendant BEE SWEET CITRUS, INC. is a produce company within

18  the citrus fruits industry specializing in growing citrus commodities such as lemons,

19  grapefruit, and oranges, among other citrus commodities, and providing packing and

20  shipping services nationwide.

21  4.   The cultivation and harvesting take place on land located primarily in

22  or near Fresno County, Madera County, and Tulare County, California.

23  5.   The named Plaintiffs and the Proposed Class members are "seasonal

24  agricultural workers" within the meaning of the AWPA, 29 U.S.C. § 1802(10), who

25  have worked in Defendants' fields for Defendants, either directly or through various

26  Farm Labor Contractors.

27  6.   On behalf of themselves and the Proposed Class, Plaintiffs complain

28  that Defendants have required their agricultural workers to perform unpaid and/or

**CLASS ACTION COMPLAINT**

undercompensated work, in violation of federal and state wage and hour laws. Plaintiffs also complain that Defendants have committed other violations of applicable law, including failing to pay minimum wages, failing to appropriately provide or compensate for mandated rest periods, failing to pay its agricultural workers the wages due at the agreed-upon wage rate for work performed and/or fruit harvested under the workers' piece rate, failing to pay workers for post-shift work, failing to pay for travel time, and failing to reimburse for tools and equipment.

## II.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §1854. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1891(d) because the actions at issue took place in this district.

## III.

## INTRADISTRICT ASSIGNMENT

7.     This case is properly assigned to the Fresno Division of this Court because the actions arose in or near Madera, California and Tulare, California and Defendants' headquarters is located in Fresno, California.  (See Local Rule 3-120(d).)

## IV.

## PARTIES

8.     Plaintiffs Daniel Montes, Maria Diaz, and Octaviano Montalvo are residents of Fresno County, California.  Plaintiffs are or were seasonal agricultural workers, within the meaning of 29 U.S.C. §1802(10), and are or were employed by Defendants, within the meaning of 29 U.S.C. §1802(3), to work in Defendants' agricultural fields, that is, on land owned, leased, managed and/or operated, harvested or otherwise made productive by Defendants in or near Fresno, Madera

**CLASS ACTION COMPLAINT**

and Tulare counties in California at various times during the relevant period.

9.    Plaintiff Daniel Montes is, has been, or was a non-exempt agricultural employee of Defendants.  At all relevant times herein, Plaintiff Daniel Montes is, has been or was employed by Defendants as a harvest worker in Defendants' fields in or near Madera County, California.

10.    Plaintiff Maria Diaz is, has been, or was a non-exempt agricultural employee of Defendants.  At all relevant times herein, Plaintiff Maria Diaz is, has been or was employed by Defendants as a harvest worker in Defendants' fields in or near Tulare County, California.

11.    Plaintiff Octaviano Montalvo is, has been, or was a non-exempt agricultural employee of Defendants.  At all relevant times herein, Plaintiff Octaviano Montalvo is, has been or was employed by Defendants as a harvest worker in Defendants' fields in or near Tulare County, California.

12.    Defendant BEE SWEET CITRUS, INC. is a California Corporation that maintains its executive office in Fowler, California in Fresno County.  The corporate address is believed to be 416 E South Ave, Fowler, California, 93625.

13.    Defendants employ harvest workers, such as Plaintiffs, and other employees to work in Defendants' agricultural fields in or near Fresno, Madera and Tulare counties in California.

14.    BEE SWEET CITRUS, INC. is an "agricultural association" and an "agricultural employer" within the meaning of 29 U.S.C. §1802(1)-(2).

15.    Defendants issue or caused to be issued, or employ Farm Labor Contractors that issue, during the relevant period issues, payroll checks or payment to Plaintiffs and all other persons similarly situated for agricultural work performed for BEE SWEET CITRUS, INC.  Defendant BEE SWEET CITRUS, INC. employed and/or retained, during the relevant time period, Farm Labor Contractors for provision of agricultural labor, including but not limited to Soto Farm Labor Contractor and RT/King Harvesting.  Pursuant to California Law, including but not

5

**CLASS ACTION COMPLAINT**

limited to California Labor Code section 2810.3, Defendant BEE SWEET CITRUS, INC. is strictly liable for failure to pay all wages due to workers hired by BEE SWEET through Farm Labor Contractors.  Plaintiffs are concurrently providing notice to BEE SWEET of these violations and will amend their complaint in compliance with California Labor Code section 2810.3 as may be needed.

16.    Defendants are, and during the relevant period have been, engaged in the business of cultivating, harvesting, packing and shipping citrus commodities as described above.

17.    Defendants sell and ship their agricultural produce to various parts of California and other states of the United States, and throughout the world.

18.    With respect to the events at issue in this case, Defendants acted as agents for each other and as employer of Plaintiffs and all other persons similarly situated.

19.    Defendants are jointly liable for the wage violations alleged herein, pursuant to California law.

20.    Plaintiffs are ignorant of the true name, capacity, relationship and extent of participation in the conduct alleged herein of the Defendants sued as DOES 1 through 10, but are informed and believed that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

21.    Plaintiffs are informed and believe that each Defendant acted as the agent of the other Defendants, and/or carried out a joint scheme, business plan or policy, and/or the acts of each Defendant is legally attributable to the other Defendants.

**V.**

**FACTUAL BACKGROUND**

22.    During the relevant period, Defendants have employed, as that term is

**CLASS ACTION COMPLAINT**

used in 29 U.S.C. § 1802(3), thousands of seasonal agricultural workers in pre-harvest and harvesting operations.

23.     At all relevant times, the Proposed Class members, including Plaintiffs, are current and former employees of Defendants, and during the relevant period, were non-exempt employees within the meaning of California Labor Code §500, *et seq*. and the rules and regulations of the California Labor Code and the Industrial Welfare Commission ("IWC") California Wage Orders, working in the cultivation and harvest of fruit on land owned, leased, managed and/or operated, harvested or otherwise made productive by Defendants in or near Fresno, Madera and Tulare counties in California.

24.     During the relevant period, Plaintiffs and members of the Proposed Class have engaged in agricultural employment, as that term is used in 29 U.S.C. § 1802(3), on agricultural land owned, leased, managed and/or operated, harvested or otherwise made productive by Defendants.

25.     During the relevant period, Plaintiffs and members of the Proposed Class have entered into working arrangements with Defendants. These arrangements are formed and entered into each season, at least once (in many cases, more than once), at or near the time Plaintiffs and members of the Proposed Class are hired by Defendants.

26.     Under the working arrangements, which are also oral employment contracts, Defendants offer Plaintiffs and members of the Proposed Class jobs in Defendants' agricultural operations, and Plaintiffs and members of the Proposed Class accept the job offers.

27.     The contracts described above are and were "working arrangements" as that term is used in the AWPA, 29 U.S.C. § 1832(c), and/or agreements.

28.     By words, conduct, practice, agreement, or custom and usage, including but not limited to posting IWC Wage Order 14 at the place of employment, Defendants communicated to Plaintiffs and members of the Proposed Class that

Defendants would abide by the terms contained therein.

29.    Such posting of IWC Wage Order 14 was and is a "working arrangement" as that term is used in the AWPA and/or an agreement.

30.    This working arrangement requires and required Defendants to pay Plaintiffs and members of the Proposed Class their agreed-upon wages for all hours worked, to pay workers for required rest periods and to abide in all respects by IWC Wage Order 14, which formed part of the working arrangement and/or agreement.

31.    Plaintiffs and members of the Proposed Class were not and have not been compensated by Defendants for all time worked for Defendants and Plaintiffs were not compensated according to law.

32.    By words, conduct, practice, agreement, or custom and usage, it is understood by the parties that, consistent with federal and state law, Defendants will pay Plaintiffs and members of the Proposed Class for all work performed on the basis of an agreed-upon piece rate for certain work ("individual piece rate"). Specifically, Plaintiffs and members of the Proposed Class work on piece rate picking mandarins, grapefruit, and lemons, among other citrus commodities.

33.    Plaintiffs and the members of the Proposed Class were not properly compensated for all hours worked because Defendants failed to pay Plaintiffs and the Proposed Class for each and every hour worked.  Plaintiffs and the Proposed Class routinely worked "off the clock" and performed compensable activities before and after each working shift for which no pay was provided.  Specifically, before the start of each shift, Plaintiffs and the members of the Proposed Class moved ladders from their trucks, collected the previous workday's fallen fruit from the ground and, at various times, were scheduled to report to work at a specific time and do in fact report to work, but frequently are told by Defendants to wait approximately up to four (4) hours before they can begin harvesting.  In the middle of their shifts, Defendants required Plaintiffs and the Proposed Class members to travel between fields to perform work tasks and were not compensated for this travel time.  At the

**CLASS ACTION COMPLAINT**

end of each working shift, Plaintiffs and the Proposed Class were required to return the ladders back to their trucks despite them already being off the clock. As such, Defendants failed to record the travel time and waiting time, including work performed off-the-clock, and failed to compensate Plaintiff and the Proposed Class for all hours worked.

34.     Defendants' failure to pay all appropriate compensation was knowing and willful.

35.     Pursuant to California law, Plaintiffs and members of the Proposed Class are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.  Plaintiffs and members of the Proposed Class consistently and regularly worked shifts exceeding 3½ hours without being provided and/or paid for rest periods.

36.     By words, conduct, practice, agreement, or custom and usage, including but not limited to the posting of IWC Wage Order 14 at the place of employment, Defendants communicated that they would provide to Plaintiffs and members of the Proposed Class all necessary tools and equipment.  More specifically, IWC Wage Order 14 states: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . . ."

37.     During the relevant period, Plaintiffs and members of the Proposed Class were required to provide their own tools that are necessary to the performance of the work required of them by Defendants.  These tools include scissors, blade sharpeners, sacks, protective gloves and other items similarly indispensable to adequate job performance and fulfillment of the work for which they were/had been employed.  Plaintiffs and members of the Proposed Class were required to purchase these tools necessary for work and Defendants have not reimbursed them for those expenditures.  By failing to provide the tools necessary for adequate performance of the job and/or by failing to reimburse non-exempt agricultural employees' tool

expenses, Defendants violated IWC Wage Order 14, Section 9, California Labor Code § 2802 and 29 U.S.C. § 1832(c), and burdened Plaintiffs and members of the Proposed Class with the costs of tools.

38.   As mentioned above, during the relevant period, Defendants required Plaintiffs and the Proposed Class to travel between fields to perform work tasks. Because Defendants did not provide buses or other transportation to workers so that they could travel from field to field in the middle of their shifts, Plaintiffs and the Proposed Class used their own vehicles to travel from field to field. Defendants did not reimburse Plaintiffs and the Proposed Class for their vehicle use for travel between Defendants' fields during the course of a work shift, in violation of California law.

39.   Defendants have failed to issue accurate itemized wage statements that comply with Cal. Lab. Code § 226(a)(1)-(9). Defendants' failure to issue accurate wage statements was knowing and intentional as required by Cal. Lab. Code § 226(e).

40.   During the relevant period, Plaintiffs and members of the Proposed Class have quit their employment during or between the various tree fruit seasons, or have been laid off or discharged, either permanently or for the duration of the season, at the end of or during each season.

41.   Defendants have failed to pay Plaintiffs and members of the Proposed Class all wages owed to them at the time they quit or are laid off or discharged.

42.   The alleged conduct constitutes unlawful and unfair business practices under Cal. Business and Professions Code §17200, *et seq.*

43.   During the relevant period, Defendants violated the AWPA by [1] violating the "working arrangements" it had with the Proposed Class members per 29 U.S.C. §1832(c) regarding rest periods, [2] for failing to pay all wages owed as required by 29 U.S.C. §1832(a), and [3] for failing to accurately record the number of hours worked, the total pay period earnings, and the net pay as required by 29

U.S.C. §1831(c)(1)(C), (D), and (F), and (c)(2).

44.     As a result, Plaintiffs are entitled to damages pursuant to the AWPA's private right of action provision, 29 U.S.C. §1854, for these violations.

**VI.**

**CLASS ACTION ALLEGATIONS**

45.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to F.R.C.P. 23(a) and 23(b)(3). Plaintiffs seek to represent a Proposed Class defined as follows:

> All persons who are employed or have been employed by
> BEE SWEET CITRUS, INC., in the state of California,
> and who have worked one or more shifts as a harvest
> worker since four (4) years prior to the filing of this action
> to the present. (the "Proposed Class")

46.     Plaintiffs reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.     Numerosity**

47.     The potential number of Proposed Class members is so numerous that joinder of all members of the Proposed Class is impracticable.  While the precise number of Proposed Class members is not yet determined, Plaintiffs are informed and believe that Defendants, during the relevant period, employed over 500-1,000 agricultural workers that meet the Class definition.

48.     Plaintiffs allege that Defendants' employment records would provide information as to the number and location of all members of the Proposed Class. Joinder of all members of the Proposed Class is not practicable.

**B.     Commonality**

49.     There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Proposed

**CLASS ACTION COMPLAINT**

Class.  These common questions of law and fact include, without limitation:

(a)      Whether Defendants violated the AWPA, 29 U.S.C. §1801 *et seq*., by failing to pay Members of the Proposed Class all wages due at rates agreed upon through contract or working arrangement for all work performed, including hours worked, piece rate wages earned, and for rest periods;

(b)      Whether Defendants paid all wages, at rates agreed upon through contract or working arrangement, due for all hours worked, including wages for all work performed on a piece rate, pursuant to Cal. Lab. Code §§510, 1194 and 1199;

(c)      Whether Defendants failed to record and pay for time spent by agricultural employees waiting before harvest work could commence, travel time between fields, or after harvest work finished;

(d)      Whether Defendants failed to provide paid rest periods (and/or failed to pay rest period penalties) pursuant to IWC Wage Order 14-2001 and Cal. Lab. Code §226.7;

(e)      Whether Defendants violated the AWPA, Labor Code §221 and/or Labor Code §223 by failing to pay members of the Proposed Class for rest periods when they worked shifts lasting 3 1/2 hours or longer;

(f)      Whether Defendants owe premium pay to members of the Proposed Class under Labor Code §226.7;

(g)      Whether Defendants violated Labor Code Cal. Lab. Cde §2802 by failing to reimburse members of the Proposed Class for the costs of their purchases of tools that were required and necessary for the adequate performance of assigned work or jobs in Defendant's agricultural operations; and/or whether Defendant's violated 29 U.S.C. §1832(c) by failing to provide tools needed to perform work;

(h)      Whether Defendants violated Cal. Lab. Code §226, IWC Wage Order 14, and/or 29 U.S.C. § 1831(c) by failing to keep accurate information or failing to provide accurate wage statements of all hours worked and wages earned;

(i)      Whether Defendants violated Cal. Lab. Code §§201-203 by failing to

pay compensation due and owing at the time that any Proposed Class member's employment with Defendants ended, whether at the end of a season or permanently;

(j)     Whether Defendants violated §17200 *et seq*. of the Business & Professions Code by engaging in the acts previously alleged; and

(k)     Whether members of the Proposed Class are entitled to equitable relief pursuant to Cal. Business and Professions Code § 17200, *et seq*.

**C.     Typicality**

50.     The claims of the named Plaintiffs are typical of the claims of the Proposed Class.

51.     Plaintiffs are members of the Proposed Class.  Plaintiffs were formerly employed by Defendants and were subjected to the same unlawful practices as other members of the Proposed Class.  Plaintiffs and other members of the Class suffered the same injuries and seek the same relief.

**D.     Adequacy of Representation**

52.     Plaintiffs will fairly and adequately represent and protect the interests of all Proposed Class members.

53.     Counsel for Plaintiffs are competent and experienced in litigating large employment class actions.

**E.     Predominance and Superiority of Class Action**

54.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Proposed Class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class.

55.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance

**CLASS ACTION COMPLAINT**

as a class action.

56.     Class action treatment will allow a large number of similarly situated agricultural employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.

## FIRST CAUSE OF ACTION

## Violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872

57.     Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

58.     29 U.S.C. § 1854 provides:

> Any person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy and without regard to the citizenship of the parties and without regard to exhaustion of any alternative administrative remedies provided herein.[1]

59.     The AWPA is applicable to this action.  Defendants intentionally violated the AWPA by:

[1] *See also* 29 U.S.C. § 1871: "This chapter is intended to supplement State law, and compliance with this chapter shall not excuse any person from compliance with appropriate State law and regulation."

**CLASS ACTION COMPLAINT**

(a)    failing to pay wages when due to Plaintiffs and Proposed Class members, as required by 29 U.S.C. §1832(a);

(b)    violating the terms of the working arrangements made with Plaintiffs and Proposed Class members in regards to rest periods, in violation of 29 U.S.C. §1832(c); and

(c)    failing to accurately record the number of hours worked, the total pay period earnings, and the net pay as required by 29 U.S.C. §1831(c)(1)(C), (D), and (F).

60.    Accordingly, Plaintiffs are entitled to damages pursuant to 29 U.S.C. §1854(c)(1)-(2):

(1) If the court finds that the respondent has intentionally violated any provision of this chapter or any regulation under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per Plaintiff per violation, or other equitable relief, except that (A) multiple infractions of a single provision of this chapter or of regulations under this chapter shall constitute only one violation for purposes of determining the amount of statutory damages due a Plaintiff; and (B) if such complaint is certified as a class action, the court shall award no more than the lesser of up to $500 per Plaintiff per violation, or up to $500,000 or other equitable relief.

(2) In determining the amount of damages to be awarded under paragraph (1), the court is authorized to consider whether an attempt was made to resolve the issues in dispute before the resort to litigation.

## VIII.

## SECOND CAUSE OF ACTION

## Violation of Wage Order 14-2001 and Cal. Lab. Code §§ 510, 1194, and 1199 for Unpaid Wages and Overtime

61.    Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

62.    Wage Order 14-2001 and Cal. Lab. Code §§ 510, 1194, and 1199

**CLASS ACTION COMPLAINT**

require that an employee be paid all wages owed, including the applicable overtime hourly rates, for all hours worked.

63.     Moreover, pursuant to Cal. Lab. Code § 510(a) and Wage Order 14-2001(3)(A)(3) overtime hours must be compensated at: (a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of certain hours (depending on recent amendments) up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

64.     Plaintiffs and the members of the Proposed Class were not properly compensated for all hours worked because Defendants failed to pay Plaintiffs and the Proposed Class for each and every hour worked.  Plaintiffs and the Proposed Class routinely worked "off the clock" and performed compensable activities before, during, and after each working shift for which no pay was provided.

65.     Specifically, before the start of each shift, Plaintiffs and the members of the Proposed Class moved ladders from their trucks, collected the previous workday's fallen fruit from the ground and, at various times, were scheduled to report to work at a specific time and do in fact report to work, but frequently are told by Defendants to wait approximately up to four (4) hours before they can begin harvesting.  In the middle of their shifts, Defendants required Plaintiffs and the Proposed Class members to travel between fields to perform work tasks and were not compensated for this travel time.  At the end of each working shift, Plaintiffs and the Proposed Class were required to return the ladders back to their trucks despite them already being off the clock.

66.     Defendants failed to record the travel time and waiting time, including work performed off-the-clock, and failed to compensate Plaintiff and the Proposed

**CLASS ACTION COMPLAINT**

1  Class for all hours worked.

2      67.     Accordingly, Plaintiffs are entitled to unpaid wages and civil penalties

3  pursuant to Wage Order 14-2001(20)(A).

4      68.     As a result of the unlawful acts of Defendants, including the failure to

5  pay for nonproductive work and compensable activities, Plaintiffs and Proposed

6  Class members have been deprived of wages and/or overtime, in amounts to be

7  determined at trial, and are thus entitled to recovery of such amounts, plus interest

8  and liquidated damages, attorneys' fees and costs.

9                                    **IX.**

10                          **THIRD CAUSE OF ACTION**

11  **Failure to Provide Rest Breaks Under Wage Order 14-2001(12) and Cal. Lab.**

12                              **Code §226.7**

13      69.     Plaintiffs incorporate each and every allegation set forth in all of the

14  foregoing paragraphs as if fully set forth herein.

15      70.     Labor Code §226.7 and IWC Wage Order 14-2001 require an employer

16  to provide paid rest periods or to pay an additional hour (1) of compensation for each

17  paid rest period the employer fails to provide.  Employees are entitled to a paid ten

18  (10) minute rest break for every four (4) hours worked or major fraction thereof.

19      71.     During the relevant period, Plaintiffs and members of the Proposed

20  Class consistently worked over 3 1/2 hours without being provided with paid rest

21  breaks while working on a piece rate basis as matter of common policy and practice.

22      72.     Thus, each Proposed Class member is entitled to damages in an amount

23  equal to one (1) hour of wages per missed paid rest period in a sum to be proven at

24  trial.  *See* Wage Order 14-2001(12)(B) and Cal. Lab. Code § 226.7(c).

25  ///

26

27

28

# X.

## FOURTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses Pursuant to Cal. Lab. Code § 2802

73.     Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

74.     IWC Wage Order 14 provides that tools or equipment required by the employer or necessary to the performance of a job shall be provided and maintained by the employer.

75.     California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  Plaintiffs and members of the Proposed Class are entitled to reimbursement of all tool and vehicle expenses they incurred throughout the duration of their employment.

76.     By failing to provide Plaintiffs and members of the Proposed Class with the necessary tools to perform their jobs, Defendants violated IWC Wage Order 14, and burdened Plaintiffs with the cost of tools such as scissors, blade sharpeners, sacks, protective gloves and other items similarly indispensable to Plaintiffs' adequate job performance.

77.     Defendants also required Plaintiffs and the Proposed Class to travel between fields to perform work tasks.  Because Defendants did not provide buses or other transportation to workers so that they could travel from field to field in the middle of their shifts, Plaintiffs and the Proposed Class used their own vehicles to travel from field to field.  Defendants did not reimburse Plaintiffs and the Proposed Class for their vehicle use for travel between Defendants' fields during the course of a work shift, in violation of California law.

78.     Plaintiffs and members of the Proposed Class seek reimbursement of said expenses in an amount to be shown at trial, plus attorneys' fees, interest and costs.

# XI.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Lab. Code § 226

79.   Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

80.   In pertinent part, IWC Wage Order 14, paragraph 7(A) provides, and during the relevant period provided, that every employer shall keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and total hours worked in the payroll period. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees.

81.   In each pay period during the relevant period, Defendants have violated IWC Wage Order 14 by failing to record accurate information with respect to, among other things, when Plaintiffs and members of the Proposed Class have begun and ended each work shift and the total hours worked.

82.   On various occasions, Plaintiffs and members of the Proposed Class received no wage statements at all, and were paid in cash.  When Plaintiffs or the Proposed Class did receive wage statements, they were issued wage statements that failed to failed to comply with Cal. Lab. Code § 226(a).

83.   Defendants' failure to issue accurate wage statements was knowing and intentional as required by Cal. Lab. Code § 226(e).

84.   Thus, Plaintiffs are entitled to penalties under Cal. Lab. Code § 226(e): An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

# XII.

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties Under Labor Code § 203

85.     Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

86.     Cal. Labor Code § 203(a) provides:  If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

87.     Members of the Proposed Class, including Plaintiffs, no longer work for Defendants.

88.     Furthermore, Defendants' work is seasonal.  This means that Plaintiffs and all Proposed Class members did not receive all wages owed when they were discharged, laid off, or quit each season.

89.     By willfully failing to pay wages due to Proposed Class members, including Plaintiffs, when they were discharged, laid off, or quit, in accordance with Cal. Lab. Code §§201, 202, and 205.5, Defendants violated Cal. Lab. Code §203.

90.     Thus, the wages of Proposed Class members, including Plaintiffs, should continue as a penalty for an additional 30 days.  *See* Cal. Lab. Code § 203(a).

# XIII.

## SEVENTH CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17200, *et seq*.

91.     Plaintiffs incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

92.     California Business and Professions Code § 17200, *et seq*., provides that "unfair competition shall mean and include any unlawful, unfair, or fraudulent

**CLASS ACTION COMPLAINT**

business act or practice....”

93.     Plaintiffs bring this action on behalf of themselves, the Proposed Class members, and the general public pursuant to § 17204 of the California Business & Professions Code.

94.     In California, there is a fundamental and substantial public policy protecting an employee's rest periods and wages, as well as ensuring that an employee's wage statements are accurate.

95.     The following practices of Defendants are unlawful and unfair business practices under California Business & Professions Code § 17200 *et seq.*:

        a.      underpaying workers, including Plaintiffs, in violation of the AWPA, 29 U.S.C. § 1832(c); California Labor Code §§ 200, 205.5, 221, 223, 1194, 1197; IWC Wage Order 14 and IWC Wage Order 13; and fundamental public policy of the State of California;

        b.      failing to provide paid rest periods to workers, including Plaintiffs;

        c.      retaining the benefit of the labor performed by workers, including Plaintiffs, without reasonable compensation;

        d.      retaining the benefit of the labor performed by workers, including Plaintiffs, without providing compensation according to agreed-upon wages, crew piece rates or other agreed-upon and/or contractually established rates in violation of California Labor Code § 205.5;

        e.      failing to promptly pay all wages due to workers, including Plaintiffs, as mandated by the AWPA, 29 U.S.C. § 1832(c), and California Labor Code §§ 201, 202 and 205.5, when those workers were discharged, laid off or quit;

        f.      failing to record and pay for travel time; and

        g.      failing to reimburse employees for expenses incurred in the performance of their jobs;

96.     The unlawful and unfair acts described herein present a continuing

**CLASS ACTION COMPLAINT**

threat to the general public which cannot be adequately remedied at law.  Plaintiffs are informed and believes that such conduct will continue unless enjoined by this Court pursuant to § 17203 of the Business and Professions Code.

97.    The statute of limitations period under the Business and Professions Code § 17208 is four (4) years.  Accordingly, Plaintiffs seek relief for the period going back four years prior to the filing of this Complaint and continuing to the present until judgment is entered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally liable, as follows:

1.    Damages in an amount equal to all unpaid wages owed to Plaintiffs and members of the Proposed Class for four years prior to the filing of this Complaint, including but not limited to Labor Code § 226.7 premium pay in an amount equal to one (1) hour of wages per missed paid rest break in a sum to be proven at trial;

2.    Restitution of unpaid wages of Plaintiffs and members of the Proposed Class, under Business & Professions Code § 17200 et seq., for four years prior to the filing of this Complaint;

3.    Liquidated damages pursuant to California Labor Code § 1194 for four years prior to the filing of this Complaint;

4.    Monetary damages to Plaintiffs and members of the Proposed Class pursuant to the AWPA, 29 U.S.C. § 1854(c), in an amount equal to their actual damages or their statutory damages, whichever is greater;

5.    An award of statutory waiting-time penalties equal to 30 days' wages, pursuant to California Labor Code § 203, each time Plaintiffs or members of the Proposed Class were discharged, quit, or permanently laid off, including but not limited to each time an employee was discharged because of an end-of-season layoff, in accordance with California Labor Code Sections 201, 202 and 205.5, for four years prior to the filing of the Complaint;

**CLASS ACTION COMPLAINT**

6.      Monetary damages pursuant to paragraph 18 of IWC Wage Order 14 and the Labor Code sections cited therein;

7.      A declaration that Defendants intentionally violated the AWPA, 29 U.S.C. § 1801, et seq.;

8.      Injunctive relief, including an order enjoining Defendants from continuing their ongoing violations of the AWPA, and other injunctive relief as provided under California Business & Professions Code § 17200, et seq;

9.      Reasonable attorneys' fees and costs incurred by Plaintiffs in the prosecution of this action pursuant to applicable law, including without limitation, Cal. Lab. Code §§ 218.5, 226, and 1194 and Cal. Code of Civ. Proc. § 1021.5;

10.     Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and

11.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury.


DATED: August 18, 2020              KINGSLEY & KINGSLEY, APC

                                    By: /s/ Kelsey M. Szamet
                                        Eric B. Kingsley
                                        Kelsey M. Szamet
                                        Attorneys for Plaintiffs and the Proposed
                                        Class

**CLASS ACTION COMPLAINT**