# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MONTES; MARIA DIAZ; OCTAVIANO MONTALVO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:20-cv-01162-JLT-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) AND DENYING REMAINING MOTIONS<br><br>(Doc. 15; Doc. 16; Doc. 18; Doc. 21) |

Before the Court are the following motions: Plaintiffs' motion to dismiss or strike Bee Sweet Citrus, Inc.'s counterclaims (Doc. 15); Bee Sweet's motion for judgment on the pleadings pursuant to FRCP 12(c), or in the alternative motion for summary judgment (Doc. 16); Plaintiffs' motion to dismiss with leave to amend (Doc. 18); and Bee Sweet's motion to dismiss portions of the complaint, or in the alternative motion for summary judgment (Doc. 21). For the reasons set forth below, the Court **GRANTS** Defendant's motion for judgment on the pleadings (Doc. 16) and dismisses the complaint in its entirety with prejudice.

///

///

1

## I. BACKGROUND

Plaintiffs initiated this action asserting seven causes of action which arise from Bee Sweet's alleged failure to pay wages, to reimburse expenses, and to comply with meal and rest break requirements. (Doc. 24 at 7.) Plaintiffs are farm workers who picked citrus crops for Bee Sweet. (*Id.*) Plaintiffs did not work directly for Bee Sweet but through Harvest King LLC, an independent labor contractor (*Id.* at 8; Doc. 12 at 2.) Plaintiffs did not sue Harvest King in its complaint, but Bee Sweet filed cross claims against Harvest King. (*See generally* Doc. 12.)

As part of its response to the complaint, Bee Sweet filed counterclaims against Plaintiffs seeking declaratory judgment that the strict or joint liability for "client employers," available under California Labor Code § 2810.3(b), is unconstitutional. (Doc. 9.) Bee Sweet also seeks an injunction against Plaintiffs from pursuing claims against Bee Sweet under this provision. (*Id.*) Plaintiffs filed a motion to dismiss or strike Bee Sweets counterclaims (Doc. 15). Subsequently, Bee Sweet filed two motions seeking dismissal of all or portions of Plaintiffs' complaint. First, Bee Sweet filed a motion for judgment on the pleadings or in the alternative motion for summary judgment pursuant to 56(a) for Plaintiffs' failure to comply with the notice requirement of California Labor Code § 2810.3(d). (Doc. 16). In response, Plaintiffs filed their own motion to dismiss the complaint *without* prejudice and requested leave to amend. (Doc. 18.) Second, Bee Sweet filed a motion to dismiss portions of Plaintiffs' complaint or motion for partial summary judgment, asserting a variety of defenses and bases for why Plaintiffs failed to sufficiently plead their claims. (Doc. 21.)

All motions were ripe for decision as of late November 2020 but remained unaddressed for some time due to the judicial resource emergency in this district. This case was reassigned to the undersigned on January 7, 2022. (Doc. 41.) The Court has reviewed the parties' briefings and finds the failure to comply with the notice requirement of § 2810.3(d) requires dismissal of the complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(c).

## II. JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for

2

1  judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings and
2  operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cnty.*
3  *of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008).
4  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in
5  the complaint as true and construe them in the light most favorable to the nonmoving party."
6  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

7      The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought
8  under Rule 12(c). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).
9  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in
10 the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of
11 law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012)
12 (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*,
13 581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there is no
14 issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").
15 The allegations of the complaint must be accepted as true, and any allegations made by the
16 moving party that contradict the allegations of the complaint are assumed to be false. *See*
17 *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The court also draws
18 reasonable inferences in favor of the non-moving party. *See Ventress v. Japan Airlines*, 603 F.3d
19 676, 683 (9th Cir. 2010). However, the Court will enter judgment in favor of the movant, "when,
20 taking all the allegations in the non-moving party's pleadings as true," the non-moving party fails
21 to plead all required elements of the cause of action. *Id.* at 681; *see also Student Loan Marketing*
22 *Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

23     Courts have discretion both to grant a motion for judgment on the pleadings with leave to
24 amend or to simply grant dismissal of causes of action rather than grant judgment as to them.
25 *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see*
26 *also Pac. W. Group v. Real Time Solutions*, 321 Fed. App'x. 566, 569 (9th Cir. 2008). Generally,
27 dismissal without leave to amend is proper only if it is clear that "the complaint could not be
28 saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007)

(citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

### III. DISCUSSION

**A.  Bee Sweet's Motion for Judgment on the Pleadings (Doc. 16)**

At issue in Bee Sweet's motion for judgment on the pleadings is the import of Plaintiffs' failure to comply with the notice requirement of California Labor Code § 2810.3(d). This section requires:

> (d) At least 30 days prior to filing a civil action against a client employer for violations covered by this section, a worker or his or her representative shall notify the client employer of violations under subdivision (b).

The parties do not dispute that Bee Sweet is a "client employer" under the statute.[1] (Doc. 16-1 at 6-7; Doc. 24 at 7.) They also agree that all of Plaintiffs' claims against Bee Sweet arise from subdivision (b) of the statute, which provides joint liability between client employers and labor contractors,[2] thereby making the notice requirement of subdivision (d) applicable to their claims. (Doc. 16-1 at 6-7; Doc. 24 at 8.) Further, Plaintiffs do not dispute that they failed to provide notice 30 days *prior to* filing their complaint. (Doc. 24 at 8 ("The complaint states that Plaintiffs *would be* providing notice of the violations to Bee Sweet pursuant to California Labor Cade section 2810.3(d) *concurrently* with filing and would amend as necessary.") (emphasis added).) The allegations of the complaint acknowledge Plaintiffs did not notify Bee Sweet prior to initiating this action. (Doc. 1 at 6, ¶ 15.) Therefore, there is no dispute that Plaintiffs failed to comply with § 2810.3(d)'s notice requirement, a necessary element of their claims. Plaintiffs' only dispute concerns whether the Court should dismiss the complaint with or without prejudice.

Bee Sweet argues the complaint should be dismissed with prejudice and relies on *Parsittie v. Schneider Logistics, Inc.*, 2020 WL 2120003, at *12 (C.D. Cal. Apr. 3, 2020). In *Parsittie*, the

---

[1] A client employer is "a business entity ... that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Cal. Labor Code § 2810.3(a)(1)(A).

[2] A labor contractor is "an individual or entity that supplies ... a client employer with workers to perform labor within the client employer's usual course of business." Cal. Labor Code § 2810.3(a)(3).

4

1  plaintiff added a § 2810.3(b) claim when he amended his complaint for the third time. *Id.* at *10.
2  The plaintiff argued he met the notice requirement because he provided notice after filing his
3  initial complaint, which was about nine months before including the § 2810.3(b) claim in his third
4  amended complaint. *Id.* at 11. The court rejected this argument. The court explained that the same
5  alleged failure to pay wages which gave rise to the § 2810.3(b) claim also appeared in the initial
6  complaint and the plain language of the statute requires a thirty-day notice "'prior to filing a civil
7  action' that prays for such wages." *Id.* (citing Cal. Lab. Code § 2810.3(d)). The court further
8  denied the request to amend to permit compliance with the notice requirement. *Id.* at 12.
9  Comparing the § 2810.3(d) requirement to a similar notice requirement in the California
10 Commercial Code, the court reasoned that allowing leave to amend would eliminate pre-litigation
11 settlements or remedies and "'invite gamesmanship by plaintiffs who know they intend to assert a
12 warranty claim but want to avoid giving a defendant notice before filing suit.'" *Id.* (citing
13 *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929-30 (N.D. Cal. 2012)).
14      Plaintiffs contend *Parsittie* "was wrongly decided and is inapposite" because the court
15 incorrectly compared § 2810.3(d)'s notice requirement with the California Commercial Code.
16 (Doc. 24 at 12-14.) After the parties submitted their briefing, the Ninth Circuit reviewed and
17 affirmed the holding in *Parsittie* with respect to the dismissal pursuant to § 2810.3(d). *Parsittie v.*
18 *Schneider Logistics, Inc.*, 859 F. App'x 106, 108-09 (9th Cir. 2021). The Ninth Circuit held that
19 because "elements essential to the claim were not alleged," dismissal *without* leave to amend was
20 appropriate.
21      Plaintiff also relies on *Johnson v. Serenity Transportation, Inc.* to support their argument
22 that strict compliance with the statute is not required to state a claim under § 2810.3. 2016 WL
23 270952, at *8 (N.D. Cal. Jan. 22, 2016). In *Johnson*, the court held the plaintiffs' failure to allege
24 compliance with the notice requirement in their first amended complaint did not warrant
25 dismissal. *Id.* The court reasoned that because plaintiffs added the § 2810.3 theory of liability in
26 their amended complaint, they "did not initiate a new civil action" under the statute. *Id.* Rather,
27 "Plaintiffs merely added a new theory of liability based on the same facts and claims that had
28 already been alleged," and defendants were already on notice that the claims existed. *Id.*

5

Unlike in *Johnson*, Plaintiffs recognized in the pleadings of their initial complaint that liability against Bee Sweet depended solely on the joint liability pursuant to § 2810.3. (Doc. 1 at 6, ¶ 15.) The complaint explicitly acknowledged that § 2810.3(d) required notice to Bee Sweet but attempted to circumvent the requirement by alleging Plaintiffs could simply amend their complaint as needed to comply with the statute. (*Id.*) The undisputed facts of the complaint illustrate that Plaintiffs knew of but disregarded their obligations under § 2810.3(d). These circumstances implicate the concerns outlined by *Parsittie*, where granting leave to amend would invite gamesmanship by plaintiffs who intend to assert § 2810.3(d) liability but want to avoid the pre-suit notice requirement. Moreover, having affirmed the district court's holding in *Parsittie*, the Ninth Circuit has indicated that plaintiffs must strictly adhere to the thirty-day notice requirement to maintain a cause of action under § 2810.3. *See Parsittie*, 859 F. App'x at 108-09.

Other courts have confirmed that an amended complaint cannot cure the failure to notify the defendant thirty days before initiating the lawsuit. *See Jones v. Tracfone Wireless, Inc.*, 2021 WL 411347, at *1 (N.D. Cal. Feb. 4, 2021) (dismissing with prejudice because plaintiff "did not provide 30 days' pre-suit notice . . . and because no amendment could cure the notice deficiency"); *see also Horton v. NeoStrata Co. Inc.*, 2016 WL 11622008, at *2 (S.D. Cal. Nov. 22, 2016) ("Nowhere does Labor Code section 2810.3(d) state that Plaintiff is entitled to file a SAC or that a SAC must be filed to demonstrate exhaustive measures."). Because there is no dispute that Plaintiffs did not provide notice to Bee Sweet thirty days before initiating their lawsuit, the Court **GRANTS** Bee Sweet's motion for judgment on the pleadings and the named Plaintiffs' claims are **DISMISSED with prejudice**.[3]

However, because the class has not yet been certified, the class claims are **DISMISSED without prejudice**. *See Nilon v. Natural-Immunogenics Corp.*, 2015 U.S. Dist. LEXIS 62331, at **6-8 (S.D. Cal. May 11, 2015) (vacating class certification and dismissing class claims without prejudice where attorneys' misconduct during discovery warranted sanctions of dismissal "but

---

[3] Having dismissed the complaint without leave to amend for failure to comply with § 2810.3(d) the Court need not reach a decision regarding whether failure to join the labor contractors also warrants dismissal. (*See* Doc. 16-1 at 15-16.)

6

such a sanction would harm the members of the class, who were doubtless unaware of their counsels' unprofessional behavior"); *see also In re Diamond Multimedia Sys., Inc. Sec. Litig.*, 1997 WL 773733, at *2 (N.D. Cal. Oct. 14, 1997) ("As defendants correctly note, a ruling on their motions to dismiss prior to class certification will bind only the named plaintiffs."); *c.f. Lee v. CVS Pharmacy, Inc.*, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (dismissing with prejudice only named plaintiffs' claims following a settlement agreement, because the class was not yet certified).

**B.      Parties Remaining Pending Motions**

Because Plaintiffs' claims against Bee Sweet are all predicated on the joint liability provision of § 2810.3, the complaint is dismissed in its entirety, and Bee Sweet's later-filed motion to dismiss/motion to strike portions of the complaint, in the alternative motion for summary judgment, (Doc. 21) is moot. Accordingly, it is **DENIED**.

In addition, Plaintiffs' motion to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 18) is likewise **DENIED** as moot. Plaintiffs filed this motion as part of their response to Bee Sweet's initial motion for judgment on the pleadings (Doc. 16). For the reasons stated above, dismissal with prejudice is appropriate in this case. Plaintiffs cannot subsequently overcome Bee Sweet's previously filed motion on the pleadings with their own motion to dismiss to avoid the prejudice determination.

Finally, regarding Plaintiffs' motion to dismiss or strike Bee Sweet's counterclaims (Doc. 15), it appears Bee Sweet lacks standing to maintain its counterclaims due to the Court's order here. Bee Sweet's counterclaims ask the Court to declare certain sections of the California Labor Code unconstitutional and enjoin Plaintiffs from filing suit against Bee Sweet under these laws. (Doc. 9 at 3-4.) If Bee Sweet still intends to pursue these counterclaims, it may file a brief, within **14 days** of this order, to show cause regarding why it has standing to maintain its counterclaims. If Bee Sweet does so, Plaintiffs may file a response within **14 days** thereafter.

### IV.      ORDER

For the reasons set forth above, the Court hereby orders:

1.       Defendants' motion for judgment on the pleadings, or in the alternative motion for

summary judgment, (Doc. 16) is **GRANTED**.

2. Defendants' motion for judgment on the pleadings/to strike, or in the alternative motion for summary judgment (Doc. 21) and Plaintiffs' motion to dismiss the complaint without prejudice (Doc. 18) are **DENIED** as moot.

3. Defendants may file, within thirty days, motion to show cause as to why they have standing to maintain their counterclaims. If they chose not to do so, the Court will deny as moot Plaintiffs' motion to dismiss/strike the counterclaims (Doc. 15).

4. Claims of named Plaintiffs Daniel Montes, Maria Diaz, and Octaviano Montalvo are **DISMISSED with prejudice** (Doc. 1).

5. Class claims are **DISMISSED without prejudice**.

IT IS SO ORDERED.

Dated: __August 16, 2022__

UNITED STATES DISTRICT JUDGE